IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| TOWANDA BARBER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. JFM 02 CV-341 |
| ) | |
| DAVCO RESTAURANTS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION FOR COSTS**

Defendants, DavCo Restaurants, Inc. and FriendCo Restaurants, Inc. (together, "Friendly's"), pursuant to Rule 54(d) of the Federal Rules of Civil Procedure ("Rule 54") and 28 U.S.C. § 1920, hereby file this Motion for Costs. 1/

Plaintiffs brought this litigation against Friendly's, their former employer. Judgment was entered in this case on March 6, 2003. The jury found for Friendly's on all claims. Rule 54 provides that costs, other than attorneys' fees, shall be allowed as of course to the prevailing party unless the court otherwise directs. See, e.g. Cherry v. Champion Int'l Corp., 186 F. 3d 442 (4th Cir. 1999) (holding employer entitled to recover costs from unsuccessful Title VII plaintiff).

---

1/   A Bill of Costs and Declaration are attached as Exhibit 1, and documentary support for these costs is attached at Exhibits 2 through 5.

While the award of costs is subject to the discretion of the Court, the United States Court of Appeals for the Fourth Circuit has held that Rule 54 "creates the presumption that costs are to be awarded to the prevailing party." Id. at 446 (citations omitted). Further, the Fourth Circuit held that "[t]o overcome the presumption, a district court must justify its decision to deny costs by articulating some good reason for doing so." Id. (internal quotations and citations omitted). The Fourth Circuit has also held that "reasonable costs may be imposed on persons who want to sue." Roller v. Gunn, 107 F. 3d 227, 232 (4th Cir. 1997), quoting Lumbert v. Illinois Dept. of Corrections, 827 F. 2d 257, 259 (7th Cir. 1987).

In Cherry, the Fourth Circuit reversed the district court's denial of costs. The district court based its decision upon (i) the former employee's good faith in bringing the lawsuit; (ii) her inability to pay costs because she was unemployed and all of her property was owned jointly with her husband; (iii) her comparative lack of economic power in relation to a corporation that earns millions and (iv) the public interest in encouraging civil rights suits. Id. at 447. The Fourth Circuit held that these reasons were not enough to overcome the Rule 54 presumption, and thus reversed the district court decision and remanded the case with instructions to award costs for deposition transcripts and for copying fees. Id. at 449.

## **CONCLUSION**

Judgment in this litigation was entered against Plaintiffs. No good reason to deny an award of reasonable costs has been articulated. For the aforementioned reasons, Defendants respectfully request that this Court award to Defendants reasonable costs incurred in this litigation, as described in the Bill of Costs at Exhibit 1.

Respectfully submitted,

/s/
Gil A. Abramson (#01240)
Meredith S. Abrams (#26761)
Hogan & Hartson L.L.P.
111 S. Calvert St., Suite 1600
Baltimore, Maryland  21202
Telephone:  (410) 659-2700
Facsimile:  (410) 539-6981

Counsel for Defendants
DavCo Restaurants, Inc. and
FriendCo Restaurants, Inc.

Dated:  March 17, 2003