IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TOWANDA BARBER, *et al.* :

    Plaintiffs :

:

vs. : CIVIL ACTION NO. JFM-02-341

:

DAVCO RESTAURANTS, *et al.*

:

    Defendants.

..o0o..

## **O R D E R**

Upon completion of a four day trial, a jury found in favor of the defendants and against plaintiffs on March 6, 2003.[1] (Paper No. 31.) On that same date Judge Daniel A. Faber denied the defendants' motion to dismiss plaintiff Devin Powell's claim for racial harassment under Count II of the complaint, but granted the defendants' motion for judgment as a matter of law on plaintiffs' racial harassment claims. (Paper Nos. 28 & 29.). The jury verdict was entered on March 7, 2003 and Judge Faber's margin orders were all entered on March 6, 2003. On March 17, 2003, defendants filed a Bill of Costs request, pursuant to Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920, seeking the award of $2,540.69 in fees associated with service of process, court reporter transcription, witness appearances, and copy work. (Paper No. 33.) The costs request was accompanied by supporting exhibits. (*Id.*)

The defendants' taxation request was not opposed and the undersigned Clerk is free to tax allowable costs without oral hearing. The taxation items shall be examined *seriatim*.

---

[1] According to the trial minutes, on the third day of trial Judge Faber granted the defendants' motion for judgment as a matter of law as to the plaintiffs' hostile environment claim

I. *Court Reporter Fees for Depositions*

Defendants seek the award of $1,387.27 in court reporter costs related to witness and party deposition transcripts.

The Clerk may tax the costs of depositions under Fed. R. Civ. P. 54(d) where they are necessary for the case. *See generally Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987). To determine if a deposition expense is taxable, the undersigned must "consider the extent of actual use of each deposition and whether the taking was reasonably necessary to the party's case in light of the particular situation existing at the time of taking. It is not necessarily fatal to taxation that a deposition was not introduced or otherwise used at the trial." *See Advance Business Systems & Supply Co. v. SCM Corporation*, 287 F. Supp. 143, 165 (D.Md. *1968), aff'd as modified,* 415 F.2d 55 (4th Cir. 1969), *cert. denied*, 397 U.S. 920 (1970); *see also Lavay Corp. v. Dominion Fed. Sav. & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987), *cert. denied*, 484 U.S. 1065 (1988).

While the court may allow a deposition expense if the taking of that deposition was "reasonably necessary" in "light of the particular situation existing at the time of the taking," the undersigned Clerk's authority is more limited. In this district the Clerk has traditionally allowed: (1) the costs associated with deposing the parties in the case; (2) the costs of those depositions that were actually used in connection with the event that terminated the litigation; and (3) the deposition costs associated with those deponents who testified at trial.

Given the limits of my discretion, the following deposition costs shall be allowed:

```
Antwan Roberson,[2] Aundre Gaston,
   Devin Powell, & Towanda Barber   . . $ 814.70
Stacy Taylor & Marcellus Bell. . . . .   322.05
Melvin Mack. . . . . . . . .             150.95
```

---

[2]    This plaintiff is referred to as Antwan Robinson in the complaint, but as Antwan Roberson in the Bill of Costs documents and the jury verdict form.

      Stacey Jackson. . . . . . . . . . 83.25[3]
Court reporter costs in the amount of $1,370.95 shall be awarded in favor of defendants.

II.  *Fees for Summons and Subpoenas*

According to the exhibits, the defendants seek compensation for fees, associated with the rush service of subpoenas on Marcellus Bell ($60.00) and Stacey Taylor ($65.00).  In addition, the exhibits reflect three billings for rush service of subpoenas as to Melvin Mack, Jr. ($195.00).

Although 28 U.S.C. § 1920 does not specifically provide for taxation of fees associated with private process, the Clerk has the authority to tax the reasonable process fees of a private process server as to service fees for summons and initial process; service fees for trial subpoenas as to witnesses who have testified at trial; and service fees for depositions subpoenas as to depositions taxed as costs.

While the costs associated with the Bell, Taylor, and Mack subpoenas are generally recoverable, because the defendants do not articulate cause for the "rush" service and do not explain the three separate Mack service of process billings from September 13, 2002 to October 4, 2002, only one routine service fee of $40.00 shall be allowed as to each witness.  Defendants shall be awarded $120.00 as to this item.

III.  *Witness Attendance Fees*

Defendants seek the taxation of witness fees associated with Marcellus Bell, Lucy Citro, Marvin Clark, Allison Ice, Melvin Mack, Stacy Taylor, and Martha Woodward.  Unfortunately, they do not clearly spell out for the Clerk whether they are seeking trial or deposition witness fee costs. Court reporter deposition fees as to Bell, Mack, and Taylor have been taxed.  Therefore, witness fees

---

[3]  Charges for postage and handling of the depositions are not recoverable.

as to these individuals shall be allowed in the amount of $165.00.[4]  Neither Citro nor Ice appeared as trial witnesses on behalf of the defendants, nor have their depositions, if any, been taxed.  No witness fees shall be allowed as to these two individuals.  Clark and Woodward did appear as trial witnesses on behalf of the defendants and their requested witness fees shall be allowed in the amount of $182.00.[5]  Total witness fees shall be allowed in the amount of $347.00.

VI.     *Fees for Copy Work*

Defendants seek exemplification costs of $90.89 for documents described as "heavy litigation," as well as for custom tabs and binders.  Because defendants do not identify the copy work with any specificity, the undersigned Clerk cannot discern whether the cost is recoverable and reasonable.  The request for taxation of fees associated with a binder and custom tabs shall likewise be disallowed.[6]

---

[4]  The $134.23 cost associated with a "conference room" is not recoverable as a witness fee.

[5]  In this district, the Clerk limits the mileage payment for deposition and trial witnesses to the cost of ground transportation within the 100 mile subpoena power of the Court. Consequently, the maximum amount of mileage allowed for a witness testifying at deposition and/ or trial in this Court is 100 miles each way at the rate allowed by the General Services Administration ("GSA") for government travel.  Travel costs outside the 100-mile parameter are discretionary and can only be awarded by the Court, not the Clerk.  *See* 28 U.S.C. § 1821(c) and 5 U.S.C. § 5704.  Effective January 3, 2003,the GSA noted a mileage rate of $.36 per mile for an automobile. Consequently, travel costs (including parking, cab, and ground transportation) shall be allowed in the amount of $102.00, related to Clark's March 5, 2003 round-trip train travel from Newark, New Jersey to Baltimore

[6]  There is no information that the binder was utilized in the presentation of exhibits or that the court specifically directed that the parties present their trial exhibits in binders  *See Kozhuharov v. General Motors Corp.*, 183 F.R.D. 370, 372 (W.D. N.Y. 1998); *McGuigan v. Cae Link Corporation*, 155 F.R.D. 31, 37 (N.D. N.Y. 1994); *Intermedics, Inc. v. Ventritex, Inc.*, 1993 WL 515879 (N.D. Cal. December 2, 1993).

For the aforementioned reasons, costs shall be awarded in favor of defendants and against the plaintiffs in the amount of $1,837.95.

Dated this ___10th___ day of ___December_____, 2003.

_____/s/_____
Frances E. Kessler, Chief Deputy Clerk
for: Felicia Cannon, Clerk of the Court